## CIVIL PROCEDURAL RULES COMMITTEE
## ADOPTION REPORT

### Amendment of Pa.R.Civ.P. 1311.1

On May 19, 2022, the Supreme Court of Pennsylvania adopted an amendment to Rule of Civil Procedure 1311.1. The Civil Procedural Rules Committee has prepared this Adoption Report describing the rulemaking process. An Adoption Report should not be confused with Comments to the rules. *See* Pa.R.J.A. 103, Comment. The statements contained herein are those of the Committee, not the Court.

Pursuant to a request, the Civil Procedural Rules Committee considered an amendment to Pa.R.Civ.P. 1311.1 governing the limit a party may elect as the maximum amount of damages recoverable upon the trial of an appeal from the award of arbitrators.

Section 7361 of the Judicial Code, 42 Pa.C.S. § 7361(b) sets the maximum jurisdictional limit for compulsory arbitration: "No matter shall be referred [to compulsory arbitration]…where the amount in controversy, exclusive of interests and costs, exceeds $50,000." *Id.* Pa.R.Civ.P. 1311.1 waives the necessity of testimony by a witness as a prerequisite to the admission of documentary evidence in an arbitration proceeding under Pa.R.Civ.P. 1305(b). Prior to the instant amendment, the rule applied to arbitration appeals in which the "plaintiff elects a limit of $25,000.00 as the maximum amount of damages recoverable upon the trial of an appeal from the award of arbitrators."

Most judicial districts have adopted a jurisdictional limit for compulsory arbitration between $25,000 and $50,000. For those judicial districts that have a jurisdictional limit that exceeds $25,000, the prior rule created a disconnect between the jurisdictional limit for arbitration, *e.g.*, $50,000, and the maximum amount of damages available, $25,000. This disconnect appeared to create an unfair advantage to a defendant who appeals an arbitration award to the trial court when the defendant knows that the award on appeal will be lower than the award of the arbitrators.

To resolve this issue, the Committee proposed amending subdivision (a) to replace the $25,000 limit with "an amount equal to the jurisdictional limit for compulsory arbitration of the judicial district in which the action was filed…" The proposed language was intended to eliminate the disconnect between the amount of damages that may be higher in an arbitration award than what can be elected pursuant to Rule 1311.1. In addition, the language recognizes that each judicial district sets its jurisdictional limit for compulsory arbitration and that not all judicial districts choose to set it to the maximum amount permitted by Section 7361.

Cross references were also proposed to be added to Section 7361(b) of the Judicial Code providing for the maximum jurisdictional limit for compulsory arbitration and to Pa.R.Civ.P. 1301 to indicate that the limit for a judicial district is set by local rule. In addition, stylistic revisions were also made.

The Committee published the proposal for comment. *See* 51 Pa.B. 4265 (August 7, 2021). The Committee received no comments to the proposal. Accordingly, the Committee made no further revisions to the proposal.